UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LOUIS J. PEARLMAN, *et al.*,

Debtor.

Case No. 6:07-bk-00761-KSJ
Chapter 11
Substantively Consolidated

_____/

SONEET R. KAPILA, as CHAPTER 11
TRUSTEE for TRANS CONTINENTAL
AIRLINES, INC.,

Plaintiff,

v.

Adv. P. No. 6:09-ap-00655-KSJ

HAZEL BELOTTI, ESTATE OF HAZEL
BELOTTI, by and through its UNKNOWN
PERSONAL REPRESENTATIVE, or ALL
UNIDENTIFIED BENEFICIARIES of the
ESTATE OF HAZEL BELOTTI,

Defendant.

_____/

## TRUSTEE'S SUPPLEMENTAL RESPONSE
## TO DEFENDANTS' MOTION TO DISMISS

Pursuant to the Court's Order Directing Trustee to File Supplemental Response to Motion to Dismiss (Dkt. No. 19), Plaintiff Soneet R. Kapila, as Chapter 11 Trustee ("Trustee"), submits this Supplemental Response to the Motion to Dismiss (Dkt. No. 13) filed by Defendants Hazel Belotti, Estate of Hazel Belotti, by and through its unknown personal representative, and all unidentified beneficiaries of the Estate of Hazel Belotti (collectively, "Defendants").

{24136700;1}

Trustee had previously filed Trustee's Response to Defendant's Motion to Dismiss (Dkt. No. 17) and specifically incorporates all of the arguments made in that Response.[1] Specifically, as explained in the original Response, Defendants' Motion to Dismiss is based on material that is outside the "four corners" of the First Amended Complaint rendering the Motion to Dismiss improper. Further, Defendants do not attach any affidavits or other material (properly authenticated) proving the facts underlying the arguments made in the Motion to Dismiss. Moreover, even assuming Defendants were permitted to make these arguments in a motion to dismiss and had attached proper affidavits or other evidence (authenticated with proper affidavits), dismissal is still improper because the California law relied upon by Defendants does not bar this Adversary Proceeding because it was timely filed *before* the death of the personal representative of the Estate of Hazel Belotti (i.e., George Belotti).

Additionally, to supplement the arguments in the Response, while "avoidance" of the subject transfers requires commencement of an action against the identified parties (all of whom defendants counsel identified as deceased), "recovery" of the avoided transfers is still available against not only initial transferees identified as parties in this adversary proceeding, but also against anyone (whether identified in this adversary proceeding or not) who received a subsequent transfer. Thus, whether the currently identified parties have any assets (or is even alive[2]) is immaterial at this stage.

Accordingly, the Court should deny the Motion to Dismiss.

---

[1] In support of that Response, Trustee also filed the Declaration of Samual A. Miller (Dkt. No. 18). Trustee specifically incorporates that Declaration into this Supplemental Response.

[2] Of course, as argued by Defendants in their motion to dismiss, such a suit has to be filed within one year after the death of the party. Defendant site to 23 Calif. Code Civ. Pro. § 322.6 ("If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, *an action may be commenced within one year after the date of death*, and the limitations period that would have been applicable does not apply") (emphasis added). In this action, George Belotti was sued (and received a copy of the summons and complaint) **BEFORE** his apparent death.

## BACKGROUND

1.  Trustee does not restate the entire background from his Response (Dkt. No. 17), but does restate certain pertinent portions necessary for this Supplement as well as certain other facts recently made available to Trustee since the filing of the Response.

### Death of
### Certain Belotti Family Members
### and Failure to Notice Trustee

2.  According to the Motion to Dismiss and Defendants' counsel statements at the March 19, 2012, hearing, Hazel Belotti and certain of the other Defendants (Grant Belotti and George Belotti), all of whom were apparently beneficiaries or representatives of the Estate of Hazel Belotti, are deceased. See Motion to Dismiss, ¶¶ 1, 3, and 5. According to the Motion to Dismiss, the pertinent Belottis passed away on the following dates:

- Hazel Belotti – December 30, 1995;
- Grant Belotti – August 12, 2007; and
- George Belotti – June 15, 2009.

See Motion to Dismiss, ¶¶ 1, 3, and 5.

3.  Trustee concedes that Grant Belotti is deceased; the Estate of Grant Belotti sent notice to Trustee of Grant Belotti's death because a copy of the Notice of Administration of the Estate of Grant Belotti was sent to Trustee in 2009. See Declaration of Samual A. Miller, ¶ 3.

4.  George Belotti, explicitly identified as the Estate Administrator of the Estate of Hazel Belotti, was copied on the Notice of Administration of the Estate of Grant Belotti that was sent to Trustee. See Declaration of Samual A. Miller, ¶ 4. George Belotti, therefore, presumably knew and had actual knowledge of the Trustee's claim.

5.  The address to which the Notice of Administration was sent to George Belotti is the exact same address to which the four separate $100,000 checks, dated from March 2003

through July 2005, apparently were sent from the Ponzi schemes to "Estate of Hazel Belotti." See Declaration of Samual A. Miller, ¶ 5. Significantly, that is the same exact address to which the original summons and complaint was served pursuant to the applicable Bankruptcy Rules. See Dkt No. 5. The Certificate of Service filed with the Court (at Dkt. No. 5) is dated April 2, 2009 (over 2 months prior to the apparent death of George Belotti). See Dkt No. 5.

6. Assuming that the date of George Belotti's death identified in Defendants' motion to dismiss is accurate, George Belotti (i) was alive at the time the adversary proceeding was filed; (ii) was alive at the time the summons and complaint were served upon him; and (iii) (presumably) received actual knowledge of this adversary proceeding.

7. Trustee has no knowledge or belief as to whether there was ever an estate to administer George Belotti's assets or affairs. If there was such an estate, despite George Belotti's actual knowledge of Trustee's claim (through both the Notice of Administration of Grant Belotti's estate and the summons and complaint), George Belotti's estate[3] never sent notice of George Belotti's apparent death to Trustee's counsel.

8. On March 1, 2012, Defendants' counsel served its Rule 26(a)(1) Initial Disclosures and edit specifically identified "Marie Belotti (surviving spouse of George Belotti)" as an "individual likely to have discoverable information" (though failing to identify "the subjects of the information").

9. Trustee has not yet noticed Marie Belotti's deposition, but intends to do so after coordinating available dates with Defendants' counsel. Among other things, Trustee expects that he will receive actual knowledge of George Belotti's death (as well as knowledge of whether

---

[3] Assuming, of course, that defendants are correct and George Belotti is deceased (again, defendants have not attached any affidavits or other documents (properly authenticated)). Trustee has never received proof and therefore have no actual knowledge of George Belotti's death.

there was a probate estate) through the production of documents by and deposition of Marie Belotti.

## ARGUMENT

### California Law Does Not Automatically Bar Trustee's Claim

As explained in Trustee's original Response, Defendants' reliance upon Section 366.2 of the California Code of Civil Procedure is misplaced. On its face, Section 366.2 of the California Code of Civil Procedure provides a statute of limitations for the commencement of an action against a deceased California citizen, namely requiring that such an action be commenced within one year of that citizen's death. Specifically, Section 366.2 of the California Code of Civil Procedure provides in pertinent part:

> (a) If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, ***an action may be commenced within one year after the date of death***, and the limitations period that would have been applicable does not apply.

Calif. Civ. Pro. Code § 366.2. This statute does not apply because this Adversary Proceeding was commenced ***BEFORE*** the death of George Belotti,[4] the personal representative of the Estate of Hazel Belotti. Accordingly, this Adversary Proceeding was commenced prior to the expiration of the one-year statute of limitations as it relates to the death of George Belotti.

In conjunction with the limited period to file an action after a person's death, California statutes confirm that the death of a person does not eliminate a cause of action. See Calif. Civ.

---

[4] The Motion to Dismiss implies that George Belotti was a personal representative of the Estate of Hazel Belotti. See Motion to Dismiss, ¶ 2. Moreover, the Notice of Administration of the Estate of Grant Belotti explicitly identifies George Belotti as the Estate Administrator of the Estate of Hazel Belotti. The Complaint and First Amended Complaint, both identified defendants as including the personal representatives of Hazel Belotti. Of course, at the time of the filing of the Complaint, Trustee did not know the precise identification of the personal representative of the Estate of Hazel Belotti and, therefore, identified the Defendants as precisely as possible and served the Complaint, according to the applicable Bankruptcy Rules, at the last known and proper address (which address, not coincidentally, is the same address of George Belotti).

Pro. Code §§ 377.20; 377.21. Specifically, Section 377.20 of the California Civil Procedure Code provide as follows:

> Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations.

Calif. Civ. Pro. Code §§ 377.20(a); see also Calif. Civ. Pro. Code §§ 377.21 ("a pending action or proceeding does not abate by the death of a party if the cause of action survives.") Accordingly, despite the death of the named parties, this adversary proceeding (particularly insofar as it applies to George Belotti) survives the death of those individuals.

Moreover, Section 9000, et seq. of the California Probate Code deals with claims by creditors. Section 9050 requires the personal representative to give notice of administration of the estate to known or reasonably ascertainable creditors of the decedent, which much be given within the later of (a) four months after the date the letters are first issued, or (b) thirty days after the personal representative first has notice of the creditor. Calif. Civil Code § 9052. As does not appear to be disputed, Trustee never received notice of George Belotti's death, despite the fact that George Belotti knew well of Trustee's claim. In fact, Trustee does not even have actual knowledge of George Belotti's death (but does expect to receive that upon the deposition of and production of documents by Marie Belotti in response to an appropriate subpoena).

## Trustees Recovery after Avoidance Is Not Limited to the Parties in This Action

Pursuant to Section 550 of the Bankruptcy Code, Trustee has the authority to recover avoided transfers. Such recovery can be made from not only an "initial transferee," but from subsequent transferees as well. See 11 U.S.C. § 550(a). In this adversary proceeding, while it is *believed* that George Belotti was the initial transferee of the bulk of the subject transfers, it is not known who the subsequent transferee(s) are or may be. Without disclosing Trustee's entire

strategy, it is no secret that Trustee intends to depose "Marie Belotti (surviving spouse of George Belotti)," who likely will have relevant information.

Additionally, suits for recovery under Section 550 of the Bankruptcy Code may be commenced up to one year after the avoidance of the subject transfer(s). 11 U.S.C. § 550 (f). Thus, once Trustee avoids the subject transfers in this adversary proceeding, Trustee will be in a position to commence an action under Section 550 of the Bankruptcy Code in order to recover the avoided transfers.

## CONCLUSION

As explained in Trustee's original Response, Defendants have clearly gone outside the "four corners" of the First Amended Complaint, which makes the Motion to Dismiss improper. Further, Defendants do not attach any affidavits or other documents (properly authenticated) proving the facts underlying the arguments made in the Motion to Dismiss. Moreover, even assuming Defendants were permitted to make these arguments in a motion to dismiss and had attached proper affidavits or other documents (properly authenticated), dismissal is still improper because Trustee never received notice of the pertinent deaths of the Defendants despite certain of the Defendant(s) (e.g., George Daniel Belotti) having knowledge of this Adversary Proceeding. The California law relied upon by Defendants merely requires the filing of a suit within one year after the Defendant's death. In this case, this adversary proceeding was filed **BEFORE** George Belotti's death.

Furthermore, Trustee is not limited to "recovery" from persons named in this adversary proceeding because Section 550 of the Bankruptcy Code permits recovery from not only initial transferees, but a subsequent transferees as well. Additionally, a suit under Section 550 of the

Bankruptcy Code may be commenced up to one year after avoidance of the subject transfers (which is not happened yet).

Accordingly, the Court should deny the Motion to Dismiss.

Dated: April 20, 2012    /s/ James E. Foster
James E. Foster, Esq.
Florida Bar No. 0142015
Samual A. Miller, Esq.
Florida Bar No. 0034991
**AKERMAN SENTERFITT**
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801-4904
Phone: (407) 423-4000
Fax: (407) 843-6610

and

Michael I. Goldberg, Esq.
Florida Bar No.: 886602
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL 33301-2229
Phone: (954) 463-2700
Fax: (954) 463-2224
E-mail: Michael.Goldberg@akerman.com
**COUNSEL FOR SONEET R. KAPILA,
CHAPTER 11 TRUSTEE**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 20, 2012, a true and correct copy of the foregoing has been served through the Court's CM/ECF electronic filing system upon:

Nicolette C. Vilmos, Esq.
Douglas A. Goldin, Esq.
Broad and Cassel
390 N. Orange Ave., Suite 1400
Orlando, FL 32801

*/s/ Samual A. Miller*
Samual A. Miller, Esq.