UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LOUIS J. PEARLMAN, et al., | ) | Case No. 6:07-bk-00761-KSJ |
| | ) | Chapter 11 |
| Debtor[s]. | ) | |
| | ) | |
| SONEET R. KAPILA, as CHAPTER 11 TRUSTEE for TRANS CONTINENTAL AIRLINES, INC., | ) ) ) | |
| | ) | |
| Plaintiff[s], | ) | Adversary No. 6:09-ap-00655-KSJ |
| vs. | ) | |
| | ) | |
| HAZEL BELOTTI, ESTATE OF HAZEL BELOTTI, by and through its UNKNOWN PERSONAL REPRESENTATIVE, OR ALL UNIDIENTIFIED BENEFICIARIES of the ESTATE OF HAZEL BELOTTI | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

Defendants are the settlor and beneficiaries of a trust established by Hazel Belotti in 1993. Ms. Belotti and all beneficiaries of the trust are now deceased. The trustee, Soneet Kapila, seeks to recover profit payments made from the debtors to the trust as fraudulent transfers under § 548 of the Bankruptcy Code.[1]

The personal representative of the defendants has moved to dismiss the claim, arguing the trustee failed to file the fraudulent transfer claim against the last living defendant's probate estate within the one-year statute of limitations period as required by California probate law. The trustee, who filed a claim two years after the death of the last living defendant, argues the personal representative failed to timely inform her of the death and, therefore, could not file a

---

[1] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq*.

claim within the one-year period. Because California has a firm one-year deadline to file a claim in probate, notwithstanding a creditor's lack of notice of a defendant's death, defendants' motion to dismiss is granted.[2]

Debtor, Louis J. Pearlman, along with some of his co-debtor companies—Trans Continental Airlines ("TCA"), Trans Continental Records ("TCR"), and Louis J. Pearlman Enterprises ("Enterprises")—bilked thousands of investors out of hundreds of millions of dollars through the perpetration of different Ponzi schemes. One was known as the "Employee Investment Savings Account" (the "EISA Program"), under which TCA raised over $300 million from hundreds of investors nationwide. Pearlman, his broker intermediaries, and others at TCA allegedly promised investors above-market rates of return for their investments and that their investments were FDIC insured. Neither representation was true. Instead, Pearlman and his cronies pocketed much of the investment funds and used new investments to repay, or to pay interest to, prior investors in the EISA Program.

Before she died in 1995, Hazel Belotti ("Peggy") established the Roy and Peggy Belotti Trust (the "Trust") and began investing money in the EISA Program. Hazel's two sons, Grant Allen Belotti and George Daniel Belotti, were the named beneficiaries of the Trust. The sons retained the EISA investments after Hazel's death, and, between March 2003 and July 2007, the Trust withdrew $333,792.78 in profits it earned from the EISA Program. Grant Allen Belotti died on August 12, 2007. On March 30, 2009, two months *before* George Daniel Belotti's

---

[2] The trustee also argues defendant's motion to dismiss is improper because it relies on evidence outside the four corners of the complaint. Doc. No. 17. Specifically, the trustee argues the motion to dismiss brings up the existence of the beneficiaries' deaths when the trustee's complaint is silent as to this fact, in which case the motion to dismiss should be treated as a motion for summary judgment, and then denied because defendant has not submitted an affidavit or death certificate for George Belotti. *Austin v. Modern Woodman of America*, 275 Fed.Appx. 925, 926 (11th Cir. 2008) (stating "A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss. Under Federal Rule of Civil Procedure 12(d), 'if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'" (citations omitted). Although the trustee technically is correct, the Court presumes George Belotti is in fact deceased, and grants defendant's motion to dismiss, subject to defendant filing a death certificate for George Belotti within 30 days of entry of this order.

death,[3] the trustee filed this complaint against Hazel Belotti and all beneficiaries of her estate and the Trust to recover all the EISA profits received during the four years preceding debtors' bankruptcy. The trustee argues these transfers were fraudulent and avoidable under Bankruptcy Code §§ 544(b), 548(a)(1)(a) and (b), 550, and comparable Florida statutes.[4]

Defendant has filed a motion to dismiss the trustee's complaint, alleging the trustee failed to timely file the claim in any of the decedent's probate estates within one year and, as a result, the trustee is barred from any recovery,[5] citing California Code of Civil Procedure § 366.2(a), which states:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within *one year* after the date of death, and the limitations period that would have been applicable does not apply.[6]

The trustee argues § 366.2(a) does not apply because the trustee filed the fraudulent conveyance action *before* George's death, not after. Therefore, according to the trustee, the one-year limitations period is irrelevant. The trustee also claims that, even if the one year limitations period applied, he could not have filed a timely claim because George's personal representative did not advise the trustee of George's death until April, 2011, almost two years after George died.[7] In essence, the trustee argues the personal representative of a decedent knew of the trustee's claim and had an obligation to notify the trustee of George's death.

In California, when a defendant who is the subject of a creditor's claim dies, the personal representative of a defendant's estate is responsible for providing notice of the death to all known or reasonably ascertainable creditors within the later of: "four months after the date letters [of administration] are first issued" or "thirty days after the personal representative first has

---

[3] George died on June 15, 2009.
[4] Fla. Stat. §§ 726.105, 726.106 and 726.108.
[5] Doc. No. 13.
[6] Cal. Civ. Proc. Code § 366.2 (emphasis added). This statute also applies to the time a creditor has to file a claim against a trust. Cal. Civ. Prob. Code § 19100.
[7] Doc. No. 17.

knowledge of the creditor."[8] A personal representative is deemed to know of the existence of a creditor of the decedent "if the personal representative is aware that the creditor has demanded payment from the decedent or the estate."[9] The trustee argues George's representatives knew of the trustee's claims because George Belotti was served with the trustee's claim while he was still alive, and before his death, defendants' attorney filed a notice of appearance on behalf of all defendants, including Grant's estate and George Belotti.[10] It appears that the personal representative likely should have notified the trustee of George's death.

Lack of notice, however, does not toll a creditor's obligation to re-file a claim against a decedent's probate estate. Contrary to the trustee's contentions, upon a defendant's death, a creditor who has a pending claim against a defendant is required to *re-file* the claim against the defendant's probate estate.[11] The pre-death cause of action ceases unless and until such claim is filed.[12] Section § 9100 of the California Probate Code requires a creditor to file a claim before the later of (1) four months after the date letters [of administration] are issued to a general personal representative, or (2) sixty days after the notice of administration is mailed or personally delivered to the creditor to file a claim against an estate.[13] Under certain circumstances, such as lack of notice of a defendant's death, a creditor may apply to file a late claim.[14] But, under no circumstances may a creditor file a claim later than one year after the death of a defendant, as indicated in California Code of Civil Procedure § 366.2(a).[15] Section

---

[8] Cal Prob. Code § 9050, 9051.
[9] Cal. Prob. Code § 9050(a).
[10] Doc. No. 17 at 4-5.
[11] Cal. Prob. Code § 9370. *See e.g. Embree v. Embree* 22 Cal. App. 3d 782 (Cal. Dist. Ct. App. 2d 2004) (noting that even if a marital settlement agreement providing for trust or annuity for former wife's benefit upon husband's death was considered a support judgment enforceable until paid in full, wife of deceased ex-husband was required to make claim against her ex-husband's trust beneficiaries within one year of ex-husband's death to reach trust property that had been distributed to other beneficiaries).
[12] Cal. Civ. Proc. Code § 377.40; Cal. Prob. Code § 9351.
[13] Cal. Prob. Code § 9100
[14] Cal. Prob. Code § 9103. Section (f) reads: "Nothing in this section authorizes allowance or approval of a claim barred by, or extends the time provided in, Section 366.2 of the Code of Civil Procedure."
[15] Cal. Prob. Code. §§ 9103, 9353 and 9370. Section 9370 reads:
   (a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
      (1) A claim is first filed as provided in this part.

366.2 was enacted to bar claims against a probate estate after one year "in order to provide closure, certainty, and protect a decedent's estate from stale claims of a creditor."[16] The one-year limitations period also enables the expeditious administration of probate estates.[17]

When a personal representative fails to notify a creditor of a defendant's death, as here, it has a trickle-down effect in a creditor's ability to file a timely claim against a defendant's probate estate. The first time the trustee became aware of George's death was through defendant's motion to dismiss filed in April, 2011, nearly a year after the trustee's time to file a claim in George's estate had expired.[18] The time for the trustee to petition the probate court to file a late claim has passed as well.[19] In fact, the time has passed for the trustee file *any* claim against any of the beneficiaries because, even if the personal representative failed to give proper notice of George's death, more than one year has passed since any of the beneficiary's deaths.[20] Where, as here, a personal representative's failure to give proper notice results in a late-filed claim, a creditor may have an alternate cause of action against the personal representative, but claims against the estate are forever barred.[21]

---

      (2) The claim is rejected in whole or in part.
      (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.
  (b) A creditor must comply with all the requirements of section 9000 before it can recover a claim against the decedent's estate.

[16] *In re Marriage of Wolfgang*, 2006 WL 1278438, *7 (Cal. App. Dist. 5 2006); *Dobler v. Arluk Medical Center Industrial Group, Inc*., 89 Cal. App. 4th 530, 536 (2001).

[17] *Dobler*, 89 Cal. App. 4th at 536.

[18] Doc. No. 17.

[19] When a personal representative fails to send timely notice of administration of the estate to the creditor, § 9103 of the California Probate Court allows a creditor to petition the court to file a late filed claim within 60 days of actual knowledge of the defendant's death. The trustee has not petitioned to file a late filed claim, but argues his pre-death claim against George is sufficient. It is not.

[20] Cal. Prob. Code § 9103. For the same reasons, no claims may be filed against a decedent's estate after the court makes an order for final distribution of the decedent's estate. § 9103(b). Neither party has addressed whether the probate court has issued an order for final distribution of the decedent's estate.

[21] Cal. Prob. Code § 9053. The trustee has asserted no claim against the personal representative. Nothing in this opinion is intended to pre-determine the resolution of any such claim, if brought.

The trustee did not file the fraudulent conveyance action against any defendant's probate estate within the one-year time limit, and now is forever barred from bringing any claim against a beneficiary of the estate. Defendants' motion to dismiss is granted. This adversary proceeding is dismissed with prejudice.

DONE AND ORDERED in Orlando, Florida, on June 18, 2012.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Counsel for Plaintiff: James E. Foster, Akerman Senterfitt, P.O. Box 231, Orlando, FL 32802

Counsel for Defendants: Douglas Goldin, Nicolette Vilmos, Broad & Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, FL 32801